PER CURIAM.
This is an appeal from a final order of dismissal entered on the trial court’s own motion. We reverse.
Suit was filed in New York under the Uniform Reciprocal Enforcement of Support Law to require Kenneth Austin, allegedly a Florida resident, to pay child support for his two minor children who live in New York. After the petition and supporting documents were filed in the New York •court, that court sent those documents to the Department of Legal Affairs in Florida and the Department of Legal Affairs forwarded the documents to the Child Support Enforcement Section of the Department of Health and Rehabilitative Services, which filed the documents with the circuit court of Putnam County. The circuit court, on its own motion, entered a final order dismissing the case on the grounds that Section 88.181, Florida Statutes (1977), provides, “When the court of this state, acting as a responding state, receives from the court of an initiating state the aforesaid copies, it shall docket the cause . . . .” The trial court interpreted that section to require that the New York court send the documents directly to the Florida courts and dismissed the case because of the failure to comply with that provision. Jurisdiction was never obtained over Kenneth Austin and he is not a party to this appeal.
Though Section 88.181 does set forth procedures for when documents are received from the court of the initiating state, that provision must be read in conjunction with Section 88.141, Florida Statutes (1977), which sets forth a procedure other than one requiring the trial court in one state to send documents directly to the trial court in the other state. That section provides, in relevant part,
*588 “If the name and address of [the receiving] court is unknown and the responding state has an information agency comparable to that established in the initiating state [the initiating state] shall cause such copies to be transmitted to the state information agency or other proper official of the responding state, with the request that it forward them to the proper court, and that the court of the responding state acknowledge their receipt to the court of the initiating state.”
The Florida Statutes specifically designates the Department of Legal Affairs as the “state information agency.” Section 88.171, Florida Statutes (1977).
Considering the various provisions of Chapter 88 as a whole, we hold that the procedure used for filing the case in the circuit court of Putnam County was authorized by statute and that the case should not have been dismissed. Accordingly, we REVERSE and order that the cause be reinstated.
MILLS, Acting C. J., and ROBERT P. SMITH and ERVIN, JJ., concur.